## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00204-RM-NYW

TODD UBEL, Individually, and on Behalf of All Others Similarly Situated,

     Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY,
J.D. POWER and
MITCHELL INTERNATIONAL, INC.,

     Defendants.

_____

## ORDER ON PLAINTIFF'S MOTION TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY AND TO STAY JURISDICTIONAL MOTION TO DISMISS BRIEFING
_____

Magistrate Judge Nina Y. Wang

Pending before the court is Plaintiff's Motion to Conduct Limited Jurisdictional Discovery and to Stay Jurisdictional Motion to Dismiss Briefing ("Plaintiff's Motion for Jurisdictional Discovery") [#39, filed March 29, 2020] that was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated February 25, 2020 [#15] and the Memorandum dated March 26, 2020. [#42]. This court has reviewed the Parties' briefing [#39, #55] and finds that oral argument will not materially assist in resolution of this matter. Being fully advised of the premises, Plaintiff's Motion for Jurisdictional Discovery is **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

Plaintiff Todd Ubel ("Plaintiff" or "Mr. Ubel") initiated this action, on behalf of himself and those similarly situated, in the Denver District Court on December 8, 2019, against Defendants Progressive Direct Insurance Company ("Progressive Direct"); J.D. Power; and

Mitchell International, Inc. ("Mitchell"; collectively with Progressive Direct and J.D. Power, "Defendants") alleging breach of contract against Progressive Direct ("Claim I"); bad faith against Progressive Direct ("Claim II"); tortious interference with performance of a contract against Defendants J.D. Power and Mitchell ("Claim III"); breach of contract arising from Plaintiff's status as a third-party beneficiary of the agreement between J.D. Power/Mitchell and Progressive Direct ("Claim IV"); civil conspiracy against all Defendants ("Claim V"); and unjust enrichment against J.D. Power and Mitchell ("Claim VI").   [#2].   On January 3, 2020, Progressive Direct was provided with a Request to Waive Service of Summons and a copy of the Complaint.  [#1 at ¶ 2].  Progressive Direct then removed the action to the United States District Court for the District of Colorado on January 24, 2020.  [#1].

In his Complaint, Mr. Ubel asserts that this court has personal jurisdiction over each Defendant because each directly, or through an agent, "(a) transacted business in Colorado; (b) contracted to supply services in Colorado; (c) caused tortious injury by acts and omissions in this state; (d) caused tortious acts and omissions outside this state and regularly conducts and/or solicits business or engages in other persistent conduct or otherwise drives substantial revenue from the services rendered in this state; (e) caused injury in Colorado by breach of contract and/or tortious interference with contract; and (f) otherwise derived substantial revenue from the services used in Colorado."  [#2 at ¶ 6].  Specifically, Mr. Ubel avers that he was involved in an automobile accident on July 28, 2019, after which Progressive Direct determined that his vehicle was a total loss.  [*Id.* at ¶ 18].  He alleges that under his automobile insurance policy, Progressive Direct is required to pay him "Actual Cash Value" for the total loss, and that J.D. Power and Mitchell provided a Work Center Total Loss Vehicle Valuation Report ("WCTL Report") for his vehicle on or about July 30, 2019.  [*Id.* at ¶¶ 20-21].  Plaintiff contends that the WCTL Reports

are statistically invalid, and as a result, his vehicle was improperly valued and in turn, Progressive did not properly pay the Actual Cash Value that he was owed.  [*Id.* at ¶¶ 22-26].

On March 4, 2020, Progressive Direct filed a Motion to Dismiss for failure to state a cognizable claim [#18] and J.D. Power and Mitchell moved to dismiss the claims against them pursuant to Rule 12(b)(2) and 12(b)(6).  [#19, #50].[1]  On March 25, 2020, Plaintiff filed the instant Motion seeking jurisdictional discovery as to J.D. Power and Mitchell.  [#39].  Mr. Ubel also filed a Response to J.D. Power and Mitchell's Motion to Dismiss, only addressing their arguments under Rule 12(b)(6) as well as a Response to Progressive Direct's Motion to Dismiss. [#40].  Two days later, the Parties sought to stay this action and continue certain deadlines given the COVID-19 pandemic's effects upon the Defendants' businesses.  [#47].  This court granted the unopposed Motion for Temporary Stay and Continuance of Certain Pending Deadlines, extending the deadline for response to the Motion for Jurisdictional Discovery and replies to the Motions to Dismiss on or before May 8, 2020.  Those filings were made on May 8. [#55, #56, #57].

## LEGAL STANDARD

### I.    Personal Jurisdiction

"A federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31, 127 S. Ct. 1184, 1191, 167 L. Ed. 2d 15 (2007) (observing that without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of

---

[1] J.D. Power and Mitchell filed their Motion to Dismiss under restriction and then moved to restrict the Motion.  [#19, #36].  This court granted in part and denied in part the Motion to Restrict and directed J.D. Power and Mitchell to file a redacted version of the Motion to Dismiss. [#46].  Docket entry [#50] is the Redacted Motion to Dismiss.  [#50].  For the purposes of consistency and clarity, this court will refer to the unredacted version [#19].

deciding the merits of the case).  Though a motion to dismiss pursuant to Rule 12(b)(6) considers the sufficiency of the operative pleading and does not weigh the potential evidence that the parties might present in the case, *see Pirraglia v. Novell, Inc.*, 339 F.3d 1182, 1187 (10th Cir. 2003), Rule 12(b)(6) judgments are considered by the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") a dismissal on the merits.  *See Slocum v. Corp. Exp. U.S. Inc.,* 446 F. App'x 957, 960 (10th Cir. 2011) (observing that a Rule 12(b)(6) dismissal is considered an adjudication on the merits since it requires an evaluation of the substance of a complaint). Accordingly, this court must first determine whether Mr. Ubel has established personal jurisdiction over J.D. Power and Mitchell before it can turn to their arguments regarding whether Plaintiff states a cognizable claim.

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to challenge the court's exercise of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Plaintiff bears the burden of demonstrating that the court has personal jurisdiction over the Defendants.  *See Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1069 (10th Cir. 2008).  When, as here, the court decides a Rule 12(b)(2) motion to dismiss without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  In considering this question, the court must accept all well pleaded facts as true and must resolve any factual disputes in favor of the plaintiff.  *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

To establish jurisdiction over a non-resident defendant, a plaintiff must show that the exercise of jurisdiction is authorized under the relevant state long-arm statute, and does not offend due process. *Wenz*, 55 F.3d at 1506 (10th Cir. 1995). Because the Colorado Supreme Court has determined that Colorado's long-arm statute, Colo. Rev. Stat. § 13-1-124 (2018), is coextensive with due process requirements, *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002), the inquiry is thus simplified into one basic question: whether the exercise of personal jurisdiction comports with the requirements of due process under the Fourteenth Amendment to the United States Constitution. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).

However, even if this test is met, a court must still consider whether "the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *OMI Holdings*, 149 F.3d at 1091. In this inquiry the court considers: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies. *Id.* at 1095.

Generally, a corporation is subject to general jurisdiction in the place of incorporation and principal place of business. *See Daimler AG v. Bauman,* 571 U.S. 117, 137, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014). Those loci, however, are not the only forums where a corporation can be held to be subject to general personal jurisdiction. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to

render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011).

As to specific jurisdiction, this court looks to whether its contacts with this forum associated with the action at hand is sufficient for it to be haled into court in this District: "(a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017).

## II. Personal Jurisdictional Discovery

Plaintiff bears the burden of establishing personal jurisdiction, although at the preliminary stages of the litigation this burden is light. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). In the Tenth Circuit, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1227 (D. Colo. 2009) *(quoting Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)). Whether to allow jurisdictional discovery is within "the broad discretion" of the trial court. *Id.* But the court abuses its discretion if the denial of limited discovery results in prejudice to a litigant. *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Id.* at 1326 (*quoting Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). "To obtain jurisdictional discovery, a plaintiff must 'present a sufficient factual predicate for the establishment of personal jurisdiction.'" *Gordon Howard Assocs. v. Lunareye, Inc.*, No. 13–cv–

01829–CMA–MJW, 2013 WL 5637678, at \*4 (D. Colo. October 15, 2013) (citing *St. Paul Travelers Cas. & Sur. Co. of America v. Guaranty Bank & Trust Co.*, 2006 WL 1897173, at \*4 (D. Colo. 2006)). Jurisdictional discovery is not appropriate where there is only a "low probability" that additional discovery would lead to facts sufficient to support a finding of personal jurisdiction over the defendant. *See Bell Helicopter Textron, Inc. v. Heliqwest Intern.*, Ltd., 385 F.3d 1291, 1299 (10th Cir. 2004).

## ANALYSIS

J.D. Power and Mitchell move to dismiss the Complaint against them, arguing that this court lacks both general and specific personal jurisdiction over them. [#19 at 3-8]. In doing so, they rely upon declarations from Peter Maxwell, the Vice President and Controller of J.D. Power; Lisa Brockman, the Vice President and Corporate Controller of Mitchell; and Joseph Riedesel, Senior Product Direct of Mitchell. [#19-1, #19-2, #19-3]. As noted in J.D. Power and Mitchell's Reply, Plaintiff did not respond to the Motion to Dismiss, but instead, file this instant Motion for Jurisdictional Discovery. In the Motion for Jurisdictional Discovery, Plaintiff contends that he should be permitted to seek discovery to test Defendant's arguments that this court lacks personal jurisdiction over these two Defendants. [#39]. Specifically, Mr. Ubel seeks the following categories of documents and depositions:

> All contracts between J.D. Power and Progressive for the WCTL Product regarding the services to be provided by J.D. Power in connection with any facet of the adjustment, assessment or payment of claims in Colorado;
>
> All correspondences between J.D. Power and Progressive concerning formation of those contracts for the WCTL Product;
>
> All correspondences between J.D. Power and Progressive concerning where the WCTL Product could be used;
>
> All contracts between Mitchell and Progressive regarding the services to be provided by J.D. Power in connection with any facet of the adjustment,

assessment or payment of claims in Colorado;

All correspondences between Mitchell and Progressive concerning formation of those contracts for the WCTL Product;

All correspondences between Mitchell and Progressive concerning where the WCTL Product could be used;

All contracts between J.D. Power and Mitchell concerning the WCTL Product regarding the services to be provided by J.D. Power in connection with any facet of the adjustment, assessment or payment of claims in Colorado;

All correspondences between J.D. Power and Mitchell concerning formation of those contracts for the WCTL Product;

All correspondences between J.D. Power and Mitchell concerning where the WCTL Product could be used;

Documents detailing any and all revenues for J.D. Power and Mitchell in Colorado;

Documents detailing any and all J.D. Power and Mitchell's employees in Colorado, including responsibilities, titles, and dates of employment;

Deposition of Peter Maxwell (J.D. Power); and

Deposition of Lisa Brockman (Mitchell International).

[*Id.* at 8].  In Response, J.D. Power and Mitchell insist that Plaintiff has failed to make a requisite factual showing that jurisdictional discovery is warranted or that prejudice will befall Mr. Ubel if jurisdictional discovery is not permitted.  [#19].

## I.     General Jurisdiction

In his Complaint, Mr. Ubel avers that:

This Court has personal jurisdiction over each foreign Defendant because each Defendant directly or through an agent (a) transacted business in Colorado; (b) contracted to supply services in Colorado; (c) caused tortious injury by acts and omissions in this state; (d) caused tortious acts and omissions outside this state and regularly conducts and/or solicits business or engages in other persistent conduct or otherwise drives substantial revenue from the services rendered in this state; (e) caused injury in Colorado by breach of contract and/or tortious interference with contract; and (f) otherwise derived substantial revenue from the

8

services used in Colorado.

[#2 at ¶ 6]. As discussed above, a federal court may exercise general jurisdiction or specific personal jurisdiction depending on the defendant's degree of relation to the court's jurisdiction and the relation between defendant's contact with the forum and the conduct underlying the litigation. For the purposes of general jurisdiction, a corporation is at home where it is incorporated or has its principal place of business. *Daimler*, 571 U.S. at 137. There simply are no allegations in the Complaint that suggest that either J.D. Power or Mitchell are incorporated or has a principal place of business in Colorado; Plaintiff alleges that J.D. Power is incorporated in Delaware and has a principal place of business in Westlake, California.[2] And Plaintiff all but concedes in his Motion for Jurisdictional Discovery that he is only attempting to invoke specific jurisdiction, as there is no discussion regarding general jurisdiction. Therefore, any discovery with respect to general jurisdiction is not warranted.

## II.      Specific Jurisdiction

Unlike general jurisdiction, specific jurisdiction is confined to the adjudication of issues deriving from, or connected with, the controversy that establishes jurisdiction. *Goodyear*, 564 U.S. at 919. Because the Colorado Supreme Court has determined that Colorado's long-arm statute is coextensive with due process requirements, *Keefe*, 40 P.3d at 1270, the relevant inquiry as to specific jurisdiction in this case is whether the exercise of personal jurisdiction comports with the requirements of due process under the Fourteenth Amendment. *AST Sports*, 514 F.3d at 1057.

To comport with due process, a court must first ask whether the nonresident defendant has "minimum contacts" with the forum state such "that he should reasonably anticipate being

---

[2] J.D. Power indicates that since the filing of the action, its principal place of business has relocated to Detroit, Michigan. [#55 at 7 n. 3].

haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *AST Sports*, 514 F.3d at 1057. "[I]f the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *AST Sports*, 514 F.3d at 1057 (quoting *OMI Holdings*, 149 F.3d at 1091)).

The minimum contacts test for specific jurisdiction encompasses two distinct requirements: (i) that the defendant must have "purposefully directed its activities at residents of the forum state," and (ii) that "the plaintiff's injuries must arise out of [the] defendant's forum-related activities." *Old Republic*, 877 F.3d at 904. As Defendants have noted, a contract between an out-of-state party and a resident of the forum state cannot, standing alone, establish sufficient minimum contacts with the forum, *Benton v. Cameco Corp.*, 375 F.3d 1070, 1077 (10th Cir. 2004) – let alone a contract that is between the Defendants to which Mr. Ubel is not a party. Indeed, plaintiff's or third party's unilateral activities cannot establish minimum contacts between the defendant and forum state. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). But as the *Benton* court noted, courts also look at contemplated future consequences, along with the terms of the contract and the actual course of dealing in assessing personal jurisdiction. *Benton*, 375 F.3d at 1077.

Though both Defendants have made compelling arguments that personal jurisdiction does not exist as to them, this court finds that Plaintiff should be permitted to take some limited jurisdictional discovery in an attempt to establish that their conduct, in aggregate could support a finding of minimum contacts. *Cf. TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.,* 488 F.3d 1282, 1290 (10th Cir. 2007) (holding that insurers establish minimum contacts with a forum state by affirmatively choosing to include the forum state in the territory of coverage). J.D.

Power indicates that it has eight employees in Colorado. [#191 at ¶ 5]. Mitchell indicates that it

has five employees in Colorado. [#192 at ¶ 5]. Mr. Ubel should be allowed to propound some

limited discovery to ascertain whether either J.D. Power and/or Mitchell directed any conduct,

**specific to his claim that the WCTL Report used by Progressive Direct to adjust his**

**automobile total loss**, to Colorado. Within this framework, Mr. Ubel may seek:

> The contract between J.D. Power and Progressive Direct for the WCTL Product regarding the WCTL Report used in Mr. Ubel's claim;

> All correspondence between J.D. Power and Progressive concerning the specific WCTL Report used for Mr. Ubel's claim or for use of WCTL Reports specific to Colorado in 2019;

> Any contract between Mitchell and Progressive Direct regarding the specific WCTL Report to be provided by J.D. Power in connection with the adjustment of Mr. Ubel's claim or for the use of WCTL Reports specific to Colorado in 2019;

> All correspondence between Mitchell and Progressive concerning whether and how the WCTL Product could be used in Colorado in 2018-2019;

> Documents sufficient to reflect any and all J.D. Power and Mitchell's employees in Colorado, including responsibilities, titles, and dates of employment.[3]

In addition, Plaintiff may propound no more than five (5) interrogatories to be counted

against the total number of interrogatories permitted by the forthcoming Scheduling Order,

directed solely at issues of specific personal jurisdiction, **no later than June 12, 2020**.

Responses to the document categories and the five interrogatories are due no later than **June 26,**

**2020**. No depositions will be permitted at this time.

After such discovery is completed, Plaintiff may seek leave to file a substantive response

to J.D. Power and Mitchell's personal jurisdiction arguments to the extent that discovery yields

any other jurisdictional facts that he seeks to offer no later than **July 3, 2020**. Plaintiff may not

seek leave simply to supplement his arguments regarding the sufficiency of his pleading of

---

[3] These document requests will count toward the total number usf Requests for Production allowed by the forthcoming Scheduling Order.

personal jurisdiction already set forth in this instant Motion for Jurisdictional Discovery.  [#39 at 4-5].

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     Plaintiff's Motion to Conduct Limited Jurisdictional Discovery and to Stay Jurisdictional Motion to Dismiss Briefing [#39] is **GRANTED IN PART and DENIED IN PART**;

(2)     Consistent with this Order, Plaintiff may **PROPOUND** up to five (5) interrogatories to J.D. Power and Mitchell collectively, including discrete subparts, directed at personal jurisdiction no later than **June 12, 2020**;

(3)     Defendants J.D. Power and Mitchell will **RESPOND** to the document requests set forth above as well as the interrogatories no later than **June 26, 2020**; and

(4)     No later than **July 3, 2020**, Plaintiff may **SEEK LEAVE** to file a supplemental Response to J.D. Power and Mitchell's Motion to Dismiss to present any jurisdictional facts yielded from this discovery but for no other purpose.

DATED:  June 9, 2020                              BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

12