IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00204-RM-NYW

TODD UBEL, Individually, and on Behalf of All Others
Similarly Situated,

    Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY;
J.D. POWER; and
MITCHELL INTERNATIONAL, INC.,

    Defendants.

## STIPULATED CONFIDENTIALITY ORDER

The parties' Joint Motion for Entry of Stipulated Confidentiality Order (Doc.62) is **GRANTED**. The parties have stipulated and agreed, and the Court therefore **ORDERS** that:

1.    Subject to this Order, any party to this action, captioned *Ubel v. Progressive Direct Insurance Company, et al.*, No. 1:20-cv-00204-MF-NYW (D. Colo.) (the "Action") and any third party shall have the right to designate as "Confidential" any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation and any third party covered by this Order ("Producing Party") who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or a similar

legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). ~~Before~~ By marking documents as confidential, a Producing Party is certifying that a good faith review was undertaken by counsel of record and the documents qualify for confidential designation under the applicable Federal Rules of Civil Procedure and the applicable case law. ~~must consider whether categories of information and documents qualify for a confidential designation~~.

2. "Confidential Material," as that term is used in this Confidentially Order, means data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or other format, that is produced or supplied by any Producing Party in this Action and identified as Confidential as well as (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, translations, or compilations of Confidential Material; and (3) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by Producing Parties or their Counsel that might reveal Confidential Material.

3. Confidential Material shall be used only for the prosecution of this Action, including discovery, trial and/or hearings and preparation for same, and for no other purpose, except as may be required by law. Confidential Material shall not be used in the prosecution or defense of matters other than this Action.

4. Confidential Material shall not be revealed or disclosed except to:

    (a) The Court, its employees and necessary clerical support staff, and any appellate court or other court assuming jurisdiction over this Action;

    (b) Counsel of record in this Action, other attorneys employed by their firms, and necessary clerical and support staff employed by counsel of record (who shall not be required to execute the Confidentiality Acknowledgment and Affirmation, annexed as Exhibit "A" but all of whom shall, nevertheless, be bound by this Confidentiality Agreement);

 (c) The Parties and any employees, former employees or agents of the Parties or their corporate affiliates, provided that, before disclosure of the Confidential Material to any former employees or agents, such former employees or agents shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be provided to and maintained by counsel for the Producing Party;

 (d) Persons consulted or retained for the purpose of providing litigation support or technical services in connection with discovery or preparation for trial of this Action, provided that, before disclosure of the Confidential Material to said persons, each shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be maintained by counsel for the party using such persons;

 (e) Persons consulted or retained for the purpose of providing expert or consulting services or for the purpose of offering expert testimony at the trial and/or hearings in this Action, provided that, before disclosure of the Confidential Material to said persons, each shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be maintained by counsel for the party using such persons;

 (f) Stenographic reporters and videographers (and their staff) involved in depositions or other proceedings in this Action; and

 (g) Witnesses other than the Parties and their current employees appearing at depositions, hearings or trial in this matter, provided that such witnesses (i) execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A" prior to being given access to Confidential Material; and (ii) will only be able to review, but not retain, Confidential Material.

 (h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5. Persons entitled to access to Confidential Material shall not disclose such Confidential Material to any person or entity other than those entitled to access as provided in this Confidentiality Order. A person or an entity not entitled to access to Confidential Material can or will be provided disclosure thereof upon agreement of the Producing Party or if either Party demonstrates to the Court that there is a sufficient and reasonable basis and necessity for such

disclosure of specific Confidential Material but, otherwise, no person or entity other than those designated in this Confidentiality Order shall have access to the Confidential Material. If the Court determines that a person or an entity not entitled to access to Confidential Material pursuant to this Confidentiality Order has a sufficient and reasonable basis and necessity for disclosure, then that person or entity shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", copies of which shall be provided to and maintained by counsel for all Parties. Notwithstanding the foregoing, nothing in this Confidentiality Order shall restrict any Producing Party or person or entity from use of his, her, or its own Confidential Material for any purpose.

6. If Confidential Material is used and disclosed at a deposition, hearing or other proceeding, subject to court approval where necessary, any person or entity, its officers, employees and agents not entitled to Confidential Material shall be precluded from attending that portion of the deposition, hearing or other proceeding in which Confidential Material shall be used and disclosed. In addition, the portion of the deposition, hearing or other proceeding transcript containing the Confidential Material shall not be disclosed to any person or entity, its officers, employees or agents not entitled to access to said Confidential Material.

7. If any Confidential Material is discussed during a deposition, the transcripts of the depositions, and exhibits thereto, shall, in their entirety, be treated as Confidential Material for a period of 21 days after such transcripts are actually received by counsel for each of the parties. During that 21-day period, portions of deposition transcripts, and exhibits thereto, may be designated as Confidential Material pursuant to the terms of this Confidentiality Order by notifying all counsel in this Action, and the Producing Party if not a Party in this Action, in writing. If the Producing Party of the Confidential Material at issue is not a party to the lawsuit or otherwise in attendance at the

deposition where the Confidential Material was discussed, the Party taking the deposition shall provide a copy of the transcript to the Producing Party, and the Producing Party shall have 21 days from the receipt of the transcript to designate portions of the transcript as Confidential Material. Portions of the deposition record reflecting such Confidential Material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Confidentiality Order.

8. This Confidentiality Order shall in no way affect or impair the right of any party or person or entity, its officers, employees or agents, to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of data, documents, and information, and to the use, relevancy or admissibility at trial or at any hearing of any evidence. A party that intends to present or anticipates that another party may present Confidential Material at trial shall bring that issue to the Court's and parties' attention by motion reasonably in advance of trial without disclosing the Confidential Material. The Court may thereafter make such orders as are necessary to govern the use of such documents, material, or information at trial.

9. If any Party disagrees with the designation for certain data, documents, or information, that Party may object to the designation. Failure to object to the designation shall not preclude a subsequent objection to it. Any Party who wishes to object to the designation shall serve written objections (including a statement of the legal or factual basis for the objection) on the Producing Party and all other counsel of record and request a conference to resolve the matter. The objecting Party and the Producing Party shall make a good faith effort to resolve the dispute. If the dispute cannot be resolved, upon prior notice to all Parties, either the objecting Party or the Producing Party may apply to the Court for determination as to whether the designation is proper. The Producing Party

shall have the burden of proving the propriety of the designation and of persuading the Court on the propriety of the designation. For disputes concerning the designations made to Confidential Material produced by non-party Producing Parties, upon prior notice to all Parties, either the objecting Party or the non-party Producing Party may apply to the appropriate compliance court under Rule 45 for determination as to whether the designation is proper. The non-party Producing Party shall have the burden of proving the propriety of the designation and of persuading the court on the propriety of the designation. Pending a ruling by the Court or compliance court on the motion, the terms of this Confidentiality Order shall remain in effect for the Confidential Material that is the subject of said motion.

10. If a party (the "Filing Party") intends that Confidential Material produced by another party or a non-party will be attached to an affidavit, declaration, or pleading or otherwise filed with the Court, the following procedures shall be followed:

    (a) The Filing Party shall file the document(s) as Level 1 Restricted pursuant to the procedures set forth in D.C. Colo. L. Civ. R. 7.2.

11. (b) Within fourteen (14) days of the filing (as required by D.C. Colo. L. Civ. R. 7.2(e)), the Producing Party shall electronically file a Motion to Restrict pursuant to D.C. Colo. L. Civ. R. 7.2(c). To the extent any Confidential Material in the filing was produced by the Filing Party, the Filing Party shall file its own separate Motion to Restrict with regard to the Confidential Materials it produced. If a Filing Party wishes to file a pleading that quotes, reproduces, or otherwise reflects Confidential Information within the text of the pleading, the Filing Party shall, on the Filing Date:

    (a) Electronically file its documents as Level 1 Restricted pursuant to the procedures set forth in D.C. Colo. L. Civ. R. 7.2.

    (b) Electronically file a Motion to Restrict at the time of filing or within 14 days of the filing as required by D.C. Colo. L. Civ. R. 7.2(c). If the Confidential Information that is quoted, reproduced, or otherwise reflected in the

>>pleading has previously been the subject of a Motion to Restrict filed by the Producing Party in accordance with Paragraph 10, above, the Filing Party may rely upon or incorporate that motion(s) for purposes of restricting the pleading.

12. The parties agree that they will follow the procedures outlined in D.C. Colo. L. Civ. R. 7.2 with regard to the restriction of any Confidential Materials. <u>Nothing in this Order may be construed as restricting any document and/or information from the public record.</u>

13. The provisions of this Confidentiality Order shall not terminate at the conclusion of this Action. Within 60 days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential Material shall be destroyed or returned to the Producing Party. Following the expiration of this 60 day period, upon request of the Producing Party, any Party to whom Confidential Material was produced must submit a written certification to the Producing Party that: (1) states that commercially reasonable efforts have been made to assure that all Confidential Material has been returned or destroyed; and (2) affirms that the Party has not retained any originals, copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. The requirement set forth above does not affect or impair the right of any Party to whom Confidential Material was produced from maintaining copies of any pleadings, filings or court submissions that include citations or references to, or exhibits consisting of, Confidential Material that has been filed with the Court either in the public record or under seal; provided, however, that any Confidential Material retained after the conclusion of this Action shall be maintained only in strict compliance with this Confidentiality Order and shall not be used in any manner or for any purpose other than as expressly permitted by this Confidentiality Order.

14. This Confidentiality Order shall remain in effect until modified, superseded or terminated by written consent of the Parties hereto or by court order.

15. If a Producing Party inadvertently produces any data, documents, or information that

the Producing Party thereafter claims to be privileged, the Producing Party will give notice thereof to the receiving party in writing. Within five days, the document, data or information in question (and all notes and work product quoting, referring or relating thereto) will then be returned to the Producing Party or the receiving Party will certify that all copies have been retrieved and destroyed. If the receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information.

16. The receiving Party upon receiving a privilege log identifying the returned or destroyed document or information remains free to challenge any claim of privilege. However, ~~pursuant to~~ <u>consistent with</u> Federal Rule of Evidence 502(d), the production of a document shall not affect a waiver of any privilege or protection. Moreover, absent a ruling that the document, data, or information at issue is not privileged or protected, a receiving Party may not disclose nor make any use whatsoever of the information disclosed in or derived from the document or information at issue. In the interests of effectuating this Confidentiality Order and protecting the efficient process of discovery, ~~pursuant to~~ <u>consistent with</u> Federal Rule of Evidence 502(d), the Court further rules that productions during the course of this Action of materials or information claimed to be privileged and sought to be reclaimed by the Producing Parties shall not be used as grounds by any Party or third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this Action. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that appear on their face to be privileged and to disclose to the Producing Party that such materials have been produced.

17. If a Producing Party inadvertently fails to stamp certain documents Confidential upon their production, it may, at any time, designate such documents as Confidential Material. In

8

that event, at the request of the Producing Party, and upon receipt of the new documents subsequently designated and properly marked as Confidential Material, the receiving Party shall either destroy or return the original documents inadvertently not designated as Confidential Material to the Producing Party. The receiving Party shall not be held liable or responsible for any disclosure prior to the subsequent designation of the documents as Confidential Material.

18. If any Party or person that has obtained Confidential Material under the terms of this Confidentiality Order receives a subpoena or other legal process commanding the production of any such documents or information (the "Subpoena Recipient"), the Subpoena Recipient shall within five (5) business days provide written notice of the service of the subpoena to counsel for the Producing Party or the Party that designated the information or documents as Confidential Material. The Subpoena Recipient shall not produce any Confidential Material in response to the subpoena without either the prior written consent of the Producing Party or an order of a court of competent jurisdiction. The Subpoena Recipient shall lodge an objection to the subpoena on the grounds that it calls for the production of materials that are Confidential Material pursuant to this Protective Order and shall provide a copy of the objection to the Producing Party. However, the Subpoena Recipient shall not have any obligation to defend the appropriateness or validity of the designation of the requested materials as Confidential Material under this Confidentiality Order, or to negotiate the terms of production under a protective order in another matter. Rather, the Subpoena Recipient will only be required to defend the existence of this Confidentiality Order and that the materials sought were produced as, and are treated as, Confidential Material under this Protective Order. The Producing Party or the Party that designated the materials as Confidential Material shall bear the burden of defending the appropriateness or validity of the designation of Confidential Material, if necessary.

**DONE** and **ORDERED** in Denver, Colorado on June 26, 2020.

_____
MAGISTRATE JUDGE

AGREED TO BY:

 *s/Kevin Hannon*
Kevin Hannon
Justin Blum
**The Hannon Law Firm, LLC**
1641 Downing Street
Denver, CO 80218
Tel: (303) 861-8800
Fax: (303) 861-8855
JBlum@HannonLaw.com

Ryan J. McGee
**MORGAN & MORGAN**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
rmcgee@ForThePeople.com

*Attorneys for Plaintiff Todd Ubel*

 *s/Evan B. Stephenson*
Michael T. Williams Evan
Bennett Stephenson
Wheeler Trigg O'Donnell LLP 370
Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:       303.244.1809
Facsimile: 303.244.1879
Email:  williams@wtotrial.com
            stephenson@wtotrial.com

 *s/Gavin E. Hill*
Gavin E. Hill
Christopher
Kratovil Heather L.
Kramer Alexandria
M. Twiss
DYKEMA GOSSETT PLLC
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6467
Facsimile: (855) 223-2760 Email:
ghill@dykema.com
  ckratovil@dykema.com
  hkramer@dykema.com
  atwiss@dykema.com

*Attorneys for Defendants*
*J.D. Power and Mitchell*
*International, Inc.*

*s/J. Matthew Brigman*
Jeffrey S. Cashdan
Zachary A. McEntyre
J. Matthew Brigman
**KING & SPALDING LLP**
1180 Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
jcashdan@kslaw.com
zmcentyre@kslaw.com
mbrigman@kslaw.com

*Attorneys for Defendant*
*Progressive Direct Insurance Company*

Angela C. Tarasi
**KING & SPALDING LLP**
1515 Wynkoop St., Suite 800
Denver, Colorado 80202
Tel: (720) 535-2319
Fax: (720) 535-2400
atarasi@kslaw.com

## **CONFIDENTIALITY ACKNOWLEDGEMENT AND AFFIRMATION**

I acknowledge that I have read and understand the Confidentiality Order governing the confidentiality of data, documents, and information, which was entered into by and among Todd Ubel, Progressive Direct Insurance Company, J.D. Power, and Mitchell International, Inc. on _____, 2020, and entered as an Order of the Court on____, 2020, in the matter of ***Todd Ubel, Individually and on Behalf of All Others Similarly Situated v. Progressive Direct Insurance Company, J.D. Power and Mitchell International, Inc.,*** Case No. 1:20-cv-00204-RM- NYW, in the United District Court for the District of Colorado. I qualify under its provisions as a person who may have access to data, documents, and information deemed Confidential under the Confidentiality Order. I will abide by the terms and provisions set forth in the Confidentiality Order and subject myself to the personal jurisdiction of this Court to enforce its terms.

Date: _____

Signature: _____

Name: _____

**EXHIBIT A**