**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| TODD UBEL, Individually, and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, J.D. POWER and MITCHELL INTERNATIONAL, INC.,<br><br>    Defendants. | Civil Action No. 1:20-cv-00204-RM-NYW |

**PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT FURTHER EVIDENCE IN OPPOSITION TO DEFENDANTS' MITCHELL INTERNATIONAL, INC. AND J.D. POWER MOTION TO DISMISS PURSUANT TO RULES 12(B)(2) AND 12(B)(6)**

Pursuant to the Court's Order of June 9, 2020 at ECF Docket No. 58 in this matter, Plaintiff moves for leave to file supplemental facts in support of his opposition to the jurisdictional arguments raised in Defendant's Motion to Dismiss at ECF Docket Nos. 19, 50.

## I.  INTRODUCTION

Defendants Mitchell International, Inc. ("Mitchell") and J.D. Power ("JD") filed a Motion to Dismiss based on an alleged lack of personal jurisdiction. Plaintiff opposed, and also moved for leave to conduct jurisdictional discovery. The Court permitted limited jurisdictional discovery, and permitted Plaintiff until July 3, 2020 to seek leave to submit further factual evidence in support of his opposition. ECF Docket No. 58. Plaintiff seeks leave to submit such factual support within 10 days of the Court's order on this Motion.

1

## II. PROCEDURAL HISTORY

Plaintiff filed the Complaint in this matter in state court. The matter was removed to this Court on 01/24/2020. ECF Docket No. 1. Defendants Mitchell and JD filed a Motion to Dismiss that claimed a lack of personal jurisdiction on 03/04/2020. ECF Docket No. 19. Because the papers included sensitive commercial information, the motion was permitted to be filed subject to restrictions. *See*, ECF Docket Nos. 36, 46, 50. Plaintiff opposed the Motion to Dismiss, and also sought leave to conduct limited jurisdictional discovery. *See*, ECF Docket Nos. 39, 40. The Court granted leave to conduct such discovery, and also ordered:

> No later than July 3, 2020, Plaintiff may SEEK LEAVE to file a supplemental Response to J.D. Power and Mitchell's Motion to Dismiss to present any jurisdictional facts yielded from this discovery but for no other purpose.

ECF Docket No. 58, Order.

## III. GOOD CAUSE EXISTS TO GRANT LEAVE TO FILE A SUPPLEMENTAL RESPONSE.

Plaintiff propounded discovery as authorized, and received responses. Portions of the materials provided to Plaintiff were marked as confidential pursuant to a protective order. *See*, ECF Docket No. 64, Confidentiality Order. In general terms, however, the discovery responses support the following contentions, in the view of Plaintiff's counsel:

1. Mitchell and JD operate a joint enterprise in which they evaluate the value of total loss claims for Defendant Progressive Direct Insurance Company ("Progressive"). This includes evaluation of Plaintiff's specific total loss claim at issue in this litigation. (This contention is supported by a contract produced in discovery, Exhibit B to the Complaint [the total loss report for Plaintiff's vehicle in this matter], and responses to interrogatories.)

2. Mitchell and JD act in concert to obtain raw data, process data, and analyze data so that total loss valuation reports such as Plaintiff's can be sold to insurance companies. Information flows back and forth between the companies, and they have interlinked rights affecting the ability of Mitchell to provide valuation reports to Progressive. (Interrogatory responses and a contract produced in discovery support this contention.)

3. Mitchell and JD provide Progressive with analysis of data to provide a value for vehicles subject to total loss claims. They use computer systems to facilitate that analysis, but the analysis is theirs. They do not merely supply a set of data to be consumed by Progressive. With respect to Plaintiff's specific total loss claim, Progressive provided Mitchell and JD with a description of the vehicle to be evaluated, and Mitchell/JD produced the valuation. (This is supported by interrogatory responses.)

4. Mitchell and JD produced the specific valuation of Plaintiff's vehicle at issue in this case. In doing so, <u>they were told that they were providing a valuation in Colorado</u> because Progressive expressly told them that the vehicle being evaluated was located in Colorado, and provided the Colorado license plate information for the vehicle. In this way, Mitchell and JD engaged in their conduct with full knowledge that their wrongfully-reduced valuation figures were being requested in Colorado, were being directed to Colorado, and would be used to cheat the owner of a Colorado-registered vehicle. (This is supported by interrogatory responses and a contract produced in discovery.)

> 5. Mitchell and JD provide those services in such a manner that they must be aware that the services are being used in Colorado on a regular basis. (This is congruent with: (a) the fact that discovery shows Mitchell and JD are told the location of each vehicle valued, and (b) the fact that Defendants removed this matter to U.S. District Court on the argument that more than $5 Million in claims were in dispute in Colorado, such that subject matter jurisdiction arose under the Class Action Fairness Act.)

The discovery responses discussed above show that Mitchell and JD communicated to Progressive about Plaintiff, whom they knew had a claim in Colorado. They provided, through their joint enterprise, a valuation report to Progressive that set the amount Plaintiff would be paid for his vehicle. They analyzed this Colorado claim; they did not simply provide raw data. The method they used to analyze the claim was their joint product, created by shipping data and analysis back and forth between Mitchell and JD. They produced the resulting analysis to Progressive, having been told it would be used for Mr. Ubel, a Colorado resident. The fact they may have used computers to do this is of no importance. Mitchell and JD conducted business and executed their wrongful scheme to reduce Mr. Ubel's total claim in Colorado. In this way, they availed themselves of Colorado's jurisdiction as tortfeasors.

Plaintiff requests leave to present the discovery above to the court with pinpoint citations to exhibits consisting of the discovery materials. Some or all of that material will be submitted with a request to restrict it pursuant to the Confidentiality Order.

**IV.     CERTIFICATE REGARDING MEET AND CONFER**

Prior to filing this motion, a colleague of Plaintiff's counsel who is a licensed attorney in California working on related total loss claims in other jurisdictions, emailed counsel for Mitchell and JD to inform them that this motion would be filed, and that the motion would generally seek leave to make a subsequent filing of evidence, pursuant to the Court's Order. No objection was received prior to the filing of this Motion.

**V.     CONCLUSION**

For the reasons stated herein, Plaintiff requests that the Court grant leave for Plaintiff to file a supplemental declaration in opposition of Mitchell and JD's motion to dismiss, with relevant discovery response and documents attached in pertinent part. Plaintiff requests 10 days from the date of such an order to make the filing, in order to comply with all confidentiality requirements.

Respectfully submitted,

Dated: July 3, 2020

/s/ Ryan J. McGee
John A. Yanchunis
Ryan J. McGee
MORGAN & MORGAN
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

Kevin S. Hannon, #16015
THE HANNON LAW FIRM, LLC
1641 Downing Street
Denver, CO 80218
Tel: (303) 861-8800

        Fax: (303) 861-8855
        KHannon@HannonLaw.com

        Jonathan H. Waller
        WALLER LAW OFFICE, PC
        2001 Park Place, Suite 900
        Birmingham, AL 35203
        Telephone: (205) 313-7330
        jwaller@waller-law.com

        *Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2020, a true and correct copy of the above and foregoing was filed with the Clerk of Court using the CM/ECF electronic filing system, which will send notification of such filing to all counsel of record.

        /s/ Ryan J. McGee
        Ryan J. McGee