IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 20-cv-00204-RM-NYW

TODD UBEL, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY,
J.D. POWER, and
MITCHELL INTERNATIONAL, INC.,

    Defendants.

---

## ORDER

---

    This insurance dispute is before the Court on the recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 98) to grant Defendants J.D. Power and Mitchell International's motion to dismiss for lack of personal jurisdiction (ECF No. 50) and to grant in part and deny in part Defendant Progressive Direct Insurance Company's motion to dismiss for failure to state a claim (ECF No. 18).  The Court accepts and adopts the recommendation, which is incorporated into this order by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The recommendation advised the parties that specific written objections were due within fourteen days after being served a copy of the recommendation.  (*See* ECF No. 98 at 46 n.14.)  The deadline for responding to the recommendation has come and gone without a response from any party.  "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

    In summary, the magistrate judge concluded that after limited jurisdictional discovery, Plaintiff had failed to make a prima facie showing that Defendants J.D. Power and Mitchell

International had sufficient "minimum contacts" with Colorado to establish specific personal jurisdiction. Applying both the continuing relationships and harmful effects frameworks, the magistrate judge determined that these Defendants did not purposefully direct their activities at Colorado residents. Accordingly, dismissal of the claims against the is warranted under Fed. R. Civ. P. 12(b)(2). The magistrate judge determined that Plaintiff sufficiently pleaded a common law breach of contract claim against Defendant Progressive Direct Insurance Company based on allegations that it failed to pay him the actual cash value of his vehicle as required under his policy. The complaint failed to state any other claim, and therefore the magistrate judge properly recommended dismissing claims for breach of contract (under theories besides the failure to pay the actual cash value), bad faith, tortious interference, and civil conspiracy pursuant to Fed. R. Civ. P 12(b)(6).

The Court finds the analysis in the magistrate judge's forty-seven-page recommendation is thorough and sound and discerns no clear error on the face of the record. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D. N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection). Therefore, the Court GRANTS Defendants J.D. Power and Mitchell International's motion to dismiss (ECF No. 50) and GRANTS IN PART and DENIES IN PART Defendant Progressive Direct Insurance Company's motion to dismiss (ECF No. 18), as set forth in the recommendation.

DATED this 13th day of November, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge